# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| ANN ELISE BOUCHARD | ) | |
| | ) | |
| Defendant-Below, | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No. CPU4-17-004234 |
| | ) | |
| KENNETH LAMBIE | ) | |
| | ) | |
| Plaintiff-Below, | ) | |
| Appellee. | ) | |

Submitted: December 8, 2017
Decided: January 3, 2018

Kasey H. DeSantis, Esquire
Vincent J. Poppiti, Esquire
Fox Rothschild LLP
Citizens Bank Center
919 North Market Street, Suite 300
Wilmington, DE 19801
*Attorney for Defendant-Below/Appellant*

Kenneth Lambie
203 S. Cleveland Avenue
Wilmington, DE 19805
*Pro Se Plaintiff-Below/Appellee*

## MEMORANDUM OPINION ON
## APPELLEE'S MOTION TO DISMISS

This matter is before the Court on Plaintiff-Below/Appellee Kenneth Lambie's ("Mr. Lambie" or "Appellee") Motion to Dismiss the Notice of Appeal of Defendant-Below/Appellant Ann Elise Bouchard ("Ms. Bouchard" or "Appellant"). Mr. Lambie alleges that Appellant's Notice of Appeal violates *Court of Common Pleas Civil Rule* 72.3(f), the Mirror Image Rule.

On December 8, 2017, the Court held a hearing on the motion and reserved its decision. This is the Final Decision of the Court on Appellee's Motion to Dismiss.

## FACTUAL AND PROCEDURAL HISTORY

On July 6, 2017, Mr. Lambie and Nicholas Cocco ("Mr. Cocco") filed a Complaint in Justice of the Peace Court 13 (the "JP Court") against Appellant for trespass and property damage. In the Complaint below, Mr. Lambie and Mr. Cocco alleged that Appellant's dog attacked their dog and caused injuries that required surgery. Appellant alleged that Mr. Lambie's dog provoked Appellant's dog, which led Appellant's dog to attack Mr. Lambie's.

On September 29, 2017, the JP Court held trial. On October 11, 2017, the court issued an Order that dismissed Mr. Cocco from the action with prejudice because he was not the owner of the dog and therefore is not entitled to damages. The court found for Mr. Lambie and awarded judgment in the amount of $786.45, plus costs and interests.

On October 12, 2017, Appellant filed a Notice of Appeal in this Court, naming only Mr. Lambie as the Appellee. On November 11, 2017, Appellee filed the instant Motion to Dismiss, alleging Appellant's Notice of Appeal violates the mirror image rule. On November 22, 2017, Appellant filed an Opposition to Appellee's Motion to Dismiss.

## PARTIES' CONTENTIONS

Appellee contends that Appellant's Notice of Appeal violates the mirror image rule because it does not name all parties that were before the court below and, thus, should be dismissed on jurisdictional grounds.

Appellant asserts that the action should not be dismissed. First, Appellant argues that the mirror image has been satisfied because Mr. Cocco is not a proper party to the action since he has no ownership interest in Appellee's dog. Because Mr. Cocco was not a proper party in the JP Court, he cannot become one in an appeal before this Court. Thus, Appellant argues that the

2

mirror image rule has been satisfied by naming Ms. Bouchard as appellant, and Mr. Lambie as appellee. Second, Appellant argues that even if the Court were to determine that the mirror image rule was not met, under the facts of the case the flaw is not fatal. Mr. Cocco's omission as a party in the case caption presents no prejudice to Appellee because Mr. Cocco has no legal interest in Appellee's dog. Further, Appellant argues that if the Court would require Mr. Cocco to be a named party in the appeal, all that would be required is for Appellee to serve Mr. Cocco with a copy of Appellant's Notice of Appeal.

## DISCUSSION

*Court of Common Pleas Civil Rule* 72.3(f) codifies the common law "mirror image rule" and provides that "[a]n appeal to this court that fails to join the identical parties and raise the same issues that were before the court below shall result in a dismissal on jurisdictional grounds."[1] The mirror image rule protects the parties' right to a fair hearing of all matters heard below and "to assure the *de novo* reviewing court that all relevant issues that could be presented can be heard."[2] If a party fails to comply with the mirror image rule, this Court is precluded from exercising subject matter jurisdiction, and the appeal must be dismissed."[3] The burden is on the appellant to assemble the parties to the appeal.[4]

On its face, the Mirror Image Rule denies jurisdiction unless the identities of the parties, the number of parties, the character or rights in which the parties are sued and the causes of action are identical.[5] The rule, however, has not been deemed to divest the court of jurisdiction

---

[1] Ct. Com. Pl. Civ. R. 72.3(f).

[2] *Fossett v. Dalco Constr. Co.*, 858 A.2d 960, 2004 WL 1965141, at *1 (Del. Aug. 20, 2004) (TABLE).

[3] *Pavetto v. Hansen*, 2004 WL 2419164, at *2 (Del. Super. Sept. 29, 2004).

[4] *Fossett v. Dalco Constr. Co.*, 2003 WL 22787844, at *2 (Del. Super. Nov. 24, 2003), *aff'd*, 858 A.2d 960 (Del. 2004) (TABLE); *see also id.* at *1 ("'The mirror image rule[ ]'. . . requires Appellants to file appeals against the exact same parties who appeared below.")

[5] *Pavetto*, 2004 WL 2419164, at *2.

3

in all cases. If, for example, enforcement of the rule would benefit the non-compliant party while serving to punish the opposing party, the Court of Common Pleas will exercise discretion and not enforce the Mirror Image Rule.[6] Thus, non-compliance does not automatically strip the court of jurisdiction.[7] The court is required to exercise discretion in consideration of the particular facts of each case.[8] Among the factors to be considered in determining if subject matter jurisdiction exists is actual or potential prejudice.[9]

Mr. Cocco, who was a plaintiff in the original action in the court below, was not included in Appellant's appeal to this Court. From a plain reading of *Court of Common Pleas Civil Rule* 72.3(f), the failure of Appellant to include Mr. Cocco as a party would strip the Court of jurisdiction on the appeal. However, this Court has previously held that "[a]bsent good reason, such as actual or potential prejudice as a result of non-compliance, the [mirror image] rule should not be applied to preclude a court from possessing subject matter jurisdiction."[10] "In exercising their discretion, judges must inquire into the particular facts of each case in determining whether a dismissal based on the mirror image rule is warranted."[11]

It is clear that Appellant violated the mirror image rule by not including one of the co-plaintiffs in the Notice of Appeal's caption.[12] However, even though one of the parties was left

---

[6] *See Meyer & Meyer, Inc. v. Brooks*, 2009 WL 498537, at *1 (Del. Com. Pl. Feb. 6, 2009) (holding that plaintiff-below/appellee's failure to add a defendant-below to the complaint on appeal did not strip the Court of jurisdiction and harm defendant-below/appellant's right to appeal).

[7] *Pavetto*, 2004 WL 2419164, at *2.

[8] *See Meyer & Meyer, Inc.*, 2009 WL 498537, at *1 (quoting *Pavetto v. Hansen*, 2004 WL 2419164, at *2 (Del. Super. Sept. 29, 2004)).

[9] *Pavetto*, 2004 WL 2419164, at *2.

[10] *Main Street Court, LLC v. Kiernan*, 2015 WL 4041171, at *4 (Del. Com. Pl. July 2, 2015) (quoting *Pavetto v. Hansen*, 2004 WL 2419164, at *4) (internal quotation marks omitted).

[11] *Pavetto*, 2004 WL 2419164, at *2.

[12] Appellant relies on *Meyer & Meyer, Inc. v. Brooks* for her assertion that failing to include a party on the caption on appeal does not automatically strip this Court of jurisdiction over the claim. 2009 WL 498537 (Del. Com. Pl. Feb. 6, 2009). However, *Meyer & Meyer, Inc.* is not analogous to the instant case. In *Meyer & Meyer, Inc.*, the JP Court had dismissed all claims against co-defendant Option One in the case below due to Plaintiff Brooks having no rightful claim against it. *Id.* at *1. Defendant-below/appellant Meyer & Meyer Inc. filed its Notice of Appeal, including the correct parties from the JP Court action. *See id.* However, Plaintiff-below/appellee Brooks failed to

4

out of the notice of appeal, there is no good reason the rule should be applied and subject matter jurisdiction should be denied.[13] Neither Mr. Cocco nor Mr. Lambie suffered or face prejudice as a result of non-compliance with the Mirror Image Rule. According to Appellant's recitation of the facts, before the start of the plaintiff's case in JP Court, Mr. Cocco was dismissed from the action with prejudice after the Court determined Mr. Cocco had no ownership interest in Appellee's dog.[14] Mr. Cocco stated to the Magistrate that he was present to assist Appellee in the court proceedings and, after being dismissed as a party, Mr. Cocco was sequestered and was not permitted to assist Appellee.[15] At the hearing on the Appellees' Motion to Dismiss, the Court provided the parties an opportunity to voice any prejudice resulting from the Appellant's Mirror Image Rule violation. None exists. Mr. Lambie and Mr. Cocco confirmed that Mr. Cocco is not a proper party to this action. The only prejudice to Mr. Lambie and Mr. Cocco is the normal inconvenience of participating in civil litigation and the concomitant risks of trial.

Moreover, permitting the Mirror Image Rule to prevent hearing this case on its merits is the epitome of form over substance. If this Court were to rule in Mr. Lambie's favor, then it would be concluding that the failure to name a party on appeal who had only been mistakenly named below deprives this Court of subject matter jurisdiction. This would be an absurdity. The true "error" was Mr. Cocco's original good faith, but mistaken, decision to commence the action

---

include co-defendant Option One on her Complaint on Appeal. *Id.* at *1. Appellant Meyer & Meyer Inc. filed an answer and—for reasons that are unclear—raised the affirmative defense that the Court lacked subject matter jurisdiction over its claim, as Brooks failed to comply with the mirror image rule. *Id.* The Court ruled for Appellant Meyer & Meyer Inc. and held that although Appellee Brooks' Complaint on Appeal violated the mirror image rule, it did not create "an incurable jurisdictional defect." *Id.* at 2. The Court further noted that jurisdiction was vested upon the Court of Common Pleas when the appellant filed its Notice of Appeal within 15 days of the judgment below. *Id.* The Court stated that "[p]leadings not required to be filed within the jurisdiction 15 day appeal period, although violative of the mirror image rule, do not create an incurable jurisdictional defect." *Id.* (citing *Holloway v. Wheatley*, 2007 WL 3231589, at *2 (Del. Com. Pl. Oct. 29, 2007)). Therefore, the Court could grant motions to amend the pleadings to cure the mirror image rule violation and "insure that the same parties and issue are before it *de novo* as were before the court below." *Id.*

[13] *Main Street Court, LLC*, 2015 WL 4041171, at *4.
[14] Appellant's Opp'n Br. ¶ 2.
[15] *Id.*

5

in his own name in JP Court. The Court declines to distort its analysis in such a way and dismiss a meritorious case based on a non-prejudicial technicality.

Although the appeal is defective because it violates *Court of Common Pleas Civil Rule* 72.3(f), there is no good reason to dismiss the action. Mr. Cocco's omission in the case caption in the Notice of Appeal presents no prejudice to him or to Appellee. The parties will be afforded an adequate and fair hearing of the entire matter because they will have the "opportunity to argue their version of the facts, to present their view of the law's application to those facts, and to assure the *de novo* reviewing court that all relevant issues that could be presented can be heard[,]" just like they had in the case below.[16]

Therefore, in this case, the Court will exercise discretion and consider the case on its merits.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** this 3rd day of January, 2018, that Plaintiff-Below/Appellee's Motion to Dismiss is **DENIED**.

The Honorable Earl C. Danberg
Judge

cc:    Patricia Thomas, Judicial Case Manager

---

[16] *Fossett*, 858 A.2d 960, 2004 WL 1965141, at *1.

6